### KERR et al. v. UNION MARINE INS. CO.

(Circuit Court of Appeals, Second Circuit. April 14, 1904.)

No. 178.

1. MARINE INSURANCE—MISREPRESENTATIONS—MATERIALITY.

Where a misrepresentation as to the time of sailing of a vessel on which insurance was requested was made in reply to a specific question asked by the insurer in the application, it will be conclusively presumed to have been material to the risk.

2. SAME—DATE OF REPRESENTATION—EXECUTION OF CONTRACT—RELATION.

Insured requested a broker to inquire the rate of insurance on a barque, loaded with logwood, at and from Black River, Jamaica, to New York, in pursuance of which, on November 4, 1901, the broker made answer to a written question, asked by insurer, that the vessel had not sailed. Insurer's agent named the rate of premium, and indorsed it on the application, which was placed on file, and on December 12th insured, after being advised that the barque had cleared on December 3d, immediately instructed the broker to procure insurance, but did not inform him that the vessel had already sailed, whereupon the broker requested the underwriter to bind the insurance, which he did by erasing the original date from the application, and dating it December 12, 1901, the effect of which was to create a present contract of insurance subject to a printed policy. The vessel sailed on December 4th, and on the 7th was wrecked. *Held*, that the representation that the vessel had not sailed should be regarded as continuing and effective on the date the insurance was effected, insurer not having been advised to the contrary, and, being false as of that date, avoided the policy.

¶ 1. See Insurance, vol. 28, Cent. Dig. §§ 575½, 1651.

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 124 Fed. 835.

Albert A. Wray, for appellant.
Wilhelmus Mynderse, for appellees.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is an appeal from a decree, in an action in personam, in favor of the libelants. In disposing of the case we do not find it necessary to consider whether there was any concealment of the loss of the vessel on the part of the libelants, as we are satisfied there was a misrepresentation which avoided the contract of insurance.

The insurance was against loss by perils of the sea upon a cargo of logwood on board the barque Elida, "at and from Black River, Jamaica, to New York." It was obtained at New York City, where the libelants resided, upon an application made by a broker who was acting for them. Pursuant to instructions to make an inquiry for the rate of insurance, he applied to an agent of the underwriter at New York City on November 4, 1901, having prepared a formal inquiry upon an application blank. The application was made upon one of the printed blanks of the underwriter, containing various inquiries about the particulars of the insurance desired and the nature of the risk, and the answers were filled out by the broker for the libelants, in writing. Among the inquiries was one as to the time of the sailing of the vessel (from Black River), and to this inquiry the answer inserted was, "Not sailed." Upon receiving the application from the broker of the libelants, the agent of the underwriter named the rate of premium, and indorsed it upon the application, and placed the application on file. December 12th the libelants were advised by letter from Black River that "the Elida clears to-day," meaning December 3d, the date of the letter. They immediately instructed their broker to procure insurance at once, without regard to rates, but did not inform him that the vessel was ready to sail, or that they had received any advices. Thereafter, and on December 12th, their broker requested the agent of the underwriter to bind the insurance, and the latter indorsed the application "binding," erased the original date, which was November 4, and dated it December 12, 1901. The effect of this was to create a present contract of insurance, "subject to the conditions of printed form of policy used by this company [the underwriters] and its New York agents at this date." The form of policy then in use would have covered the risk from the time of loading the cargo upon the vessel to its arrival at New York. At this time the vessel and cargo had been lost. She had sailed from Black River December 4th, and on December 7th had been wrecked on the southwest coast of Cuba.

If the representation as to the time of the sailing of the vessel had not been made in response to a specific inquiry on behalf of the underwriter, it would be difficult to conceive how the statement could have

influenced the mind of the underwriter. If the vessel had sailed, the period of the risk would have been shorter, and, so far as appears, the circumstances would not have affected the rate of insurance. In McLanahan v. The Universal Insurance Company, 1 Pet. 188, 7 L. Ed. 98, Mr. Justice Story said:

"That the time of sailing is often very material to the risk cannot be denied; that it is always so is a proposition that will scarcely be asserted, and certainly has never yet been successfully maintained."

There may be circumstances that would render the fact highly material; as, if the ship were a missing ship, or out of time. Foley v. Moline, 5 Taunt. 145. None appear by the proofs; and the testimony of the witnesses who were called upon to testify upon the subject is wholly undeterminative. If the question were one of concealment, we should incline to the opinion that the time of the sailing of the vessel was not a material fact. But the question, in our view, is not whether there was a concealment, but whether there was a misrepresentation; and this depends upon quite different considerations. When a representation is made spontaneously by the insured in the course of negotiations for insurance, it cannot be certainly known whether or not the underwriter has relied upon it, and its materiality, therefore, becomes a question of fact; and that question is whether it was one that would naturally and reasonably influence the insurer either in making the contract or in his estimate of the risk. When, however, the representation is elicited by a specific inquiry, a different rule obtains:

"If the misrepresentation is made in reply to a specific question, the question of materialness is excluded, on the ground that the insurers, by asking the question, imply that they think it material, and that it is their right to judge for themselves as to what is material to the bargain they are asked to make, and that the insured, by asking the question, is estopped from denying that it is material." 1 Parsons on Marine Insurance, 413.

This court has recently had occasion to reiterate and apply this rule in Carrollton Furniture Manufacturing Company v. American Credit Indemnity Company, 124 Fed. 25, 59 C. C. A. 545. The authorities referred to in that opinion fully sustain the rule, and need not be cited here. It is more tersely stated in Miller v. Mutual Benefit Life Ins. Co., 31 Iowa, 216, 232, 7 Am. Rep. 122, than in any other of the adjudged cases, in the following language:

"A misrepresentation by one party of a fact specifically inquired about by the other, though not material, will have the same effect in exonerating the latter from the contract as if the fact had been material, since by making such inquiry he implies that he considers it material."

The court below decided in favor of the libelants, upon the theory that the representation was to be treated as though it had been that the vessel had not sailed on November 4th, the time when the representation was originally made. In this view we cannot concur. If it was material, as the basis of a proposed insurance, that the underwriter be correctly informed as to the time of the sailing of the vessel when its agent was asked to name the premium, the parties must have understood that it was equally so when he was asked to bind the contract. As nothing was said by either agent, or took place in

the interim, to indicate the contrary, the case should be governed by the general rule that a representation once made in the progress of a negotiation continues in force until it is withdrawn. The rule is thus stated in Duer on Representations in Marine Insurance (see pages 70, 71):

"A representation once made is construed to be binding upon the party until it is altered or withdrawn before the insurance is effected. The completion of the policy is therefore the time to which the representation is construed to refer; that is, it is construed to mean that the facts represented were then true, and that no other material facts were then known to the assured."

Again:

"That until the contract is executed the insured may withdraw or modify a previous representation, is hardly necessary to be stated. When a material alteration in the facts has occurred, or he has discovered them to be untrue, such is not merely his right, but his imperative duty."

Mr. May says:

"A representation is a continuous statement from the time it is made, during the progress of the negotiations, to the time of the completion of the contract; so that, in point of fact, if the representation be true when actually made, yet by some change intervening between that time and the time of the completion of the contract it then becomes untrue, it will void the contract, if the change be material and to the prejudice of the insurers, or, being true, might probably influence their opinion as to the advisability of accepting the risk. The law regards it as made at the instant the contract is entered into." May on Ins. (4th Ed.) 190.

The case of Insurance Company v. Higginbotham, 95 U. S. 380, 24 L. Ed. 499, cited in his opinion by the learned District Judge, does not trench upon this rule. Undoubtedly a contract understood and intended by the parties, when it was actually made, to take effect by relation at an earlier date, will have that effect; and that was the gist of the decision in that case. It appeared that on October 1st the insured had applied to the agent of the insurer for a renewal of a policy on his life, which had expired the preceding July 16th, paid the premium and received a receipt, and at that time gave the agent his certificate of health. The agent forwarded the certificate to the office of the insurance company in another city, and the latter, on October 12th, sent the renewal receipt to the agent, and, October 14th, the latter gave it to the insured. The receipt was dated as of July 16th preceding. The defense was that the applicant did not disclose any derangement of his health occurring between October 1st and October 14th, and that the representation in the certificate was a continuing one, and, if not true at the latter date, avoided the policy. The court held that the facts referred to, and others mentioned in the opinion, would have warranted a jury in finding that the contract was understood and intended by the parties to take effect by relation as of October 1st. Obviously the negotiation, so far as the applicant and the agent of the insurance company was concerned, was closed on that day, and no suggestion that the representation was to be considered as continuing could reasonably be indulged from the delay of the insurance company in transmitting the renewal to its agent. The case might as well have been decided upon the ground that the company at the later date ratified the contract which

had been previously made by its agent, in which event the ratification would of course have related back to the time of the agent's contract.

In the present case there was a proposition of insurance at the time the representation was made, and nothing more. When the proposition was accepted, the original date of the application was obliterated and the date of the acceptance inserted in lieu, thus indicating unequivocally the understanding of the agent *of the underwriter that the application should be considered as of that date. The contract was in all respects inchoate until December 12th. It is fair to assume that, if the broker for the libelant had been aware that the vessel had sailed, he would have changed the statement in the application. Both agents acted upon the assumption that the application, unaltered, was the basis of the contract, and nothing was said or done to indicate that either regarded the contract as one made on November 4th.

The decree is reversed, with costs, and with instructions to the court below to dismiss the libel, with costs.