MARIA PRAHM, APPELLANT, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued November 22, 1921—Decided March 6, 1922.

1. Where a policy of insurance is taken out by a minor above the age of fifteen years on his own life and for his benefit or the benefit of his mother, and he dies before reaching majority, a false and fraudulent representation made by the insured in the application upon which the policy is based, respecting a matter of fact material to the risk, constitutes a defence to an action upon the policy begun by the beneficiary named therein.

2. Where a policy provides, as required by law, that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties," in order to avoid the policy for misrepresentation in the application, made a part thereof, the misrepresentation must be material and fraudulent; that is to say, it must be the statement of something as a fact which is untrue, and which the insured states, knowing it to be untrue, with an intent to deceive, or which he states positively as true, without knowing it to be true, and which has a tendency to mislead, such fact in either case being material to the risk.

3. When the insured was asked to name "all physicians who have attended you within the past three years," and answered "Dr. Brandenburg," neither the fact that another physician had been called in consultation by Dr. Brandenburg (not by the insured), nor the fact that the insured had been treated by a chiropractor, justified the direction of a verdict for the company upon the ground of misrepresentation, for the question whether the answer was untrue, and if untrue, whether willfully untrue, was for the jury.

4. If in the questions and answers there is any ambiguity for which the company is responsible, it is to be resolved against the company in determining whether the answers are false.

5. When there is a lack of conclusive and unquestioned proof of the willful falsity of a representation, the question is one for the jury. There must be no rational theory upon which the jury might find the truth or good faith of the answer of the insured before the court can direct a verdict for the company upon the ground of misrepresentation.

6. Where it appears from the questions and answers respecting the applicant's health, construed as a whole, that his answers are mere expressions of opinion or belief, the falsity of one such answer will not avoid the policy unless the applicant knew or should have known the truth of the matter and answered in bad faith.

On appeal from the Hudson County Circuit Court.

For the appellant, *Lewis B. Eastmead.*

For the respondent, *Randolph Perkins* (*John F. Drewen, Jr.*, on the brief).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment entered upon a verdict directed for the defendant below.

The plaintiff is the mother and beneficiary of Otto Prahm, whose life the defendant company insured for $1,000 on June 18th, 1920, and accepted the first annual premium.

The policy says that it was issued in consideration of the attached application, "which is hereby made a part of this contract," and further provides that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties," as required by our Insurance law. *Pamph. L.* 1907, *p.* 133, § 1 (4).

The insured died September 15th, 1920, aged nineteen years and eleven months, and the defendant company refused to pay the plaintiff, the beneficiary, because it maintained that certain representations in the application were false and fraudulent, and it was upon that ground that the verdict for the defendant was directed.

The plaintiff, in this her appeal, first contends that the defendant's answer, setting up that certain representations

made by the insured in his application were false and fraudulent, should have been stricken out because it disclosed no defence to the action in view of the fact that the insured was an infant which was known by the company.

But we think that contention is unsound in law. True, it finds support in the case of *O'Rourke* v. *John Hancock Mutual Life Insurance Co.,* 23 *R. I.* 457, but the rule of that case was disapproved in *Metropolitan Life Insurance Co.* v. *Brubaker,* 78 *Kan.* 146, and certainly is not the law of this state.

The rule of law of this state is that where, as in the instant case, a policy of insurance is taken out by a minor above the age of fifteen years, on his own life and for his benefit or the benefit of his mother, and he dies before reaching majority, a false and fraudulent representation made by the insured in the application upon which the policy is based, respecting a matter of fact material to the risk, constitutes a defence to an action upon the policy begun by the beneficiary named therein.

Our Insurance law (*Pamph. L.* 1907, *p.* 140, § 11; *Comp. Stat., p.* 2872) provides that "in respect of insurance heretofore or hereafter issued upon the life of any person not of the full age of twenty-one years, but of the age of fifteen years or upwards, for the benefit of such minor, or for the benefit of the father, mother, husband, wife, child, brother or sister of such minor, *the assured shall not, by reason only of such minority, be deemed incompetent to contract for such insurance,* or for the surrender of such insurance, or to give a valid discharge for any benefit accruing, or for money payable under the contract."

That statute puts infants over fifteen years of age substantially on an adult basis in respect of life insurance of the character in question. That the legislature so intended is apparent from the provisions of the statute. It removes the incompetency of minors in respect to contracts of insurance made for the benefit of themselves or near relatives, in the case of minors above the age of fifteen years. By making the infants, within the terms of the statute, competent to con-

tract not only for their own benefit but for the benefit of others, the legislature to that extent removed the disparity between infants and adults, and it follows that the company has the same right as the infant to disaffirm the contract for fraud. The rights of the beneficiary being dependent upon the validity of the contract, any false and fraudulent statement in the application rendering the policy void as to the insured will defeat it also as to the beneficiary. The argument that false and fraudulent representations by an infant do not bind him or the beneficiary because he cannot be held on his contracts, especially when his infancy is known, is not only fallacious but it is beside the mark. The false and fraudulent representation is not the contractual act, but an act designed to impose a contract upon a party by fraud.

Our conclusion, therefore, is that the learned trial judge rightly refused to strike out the defendant's answer.

We come now to the next point made by the plaintiff (appellant), which is that the trial judge erred in directing a verdict for the defendant company.

It was directed upon the ground of misrepresentation by the insured in the application upon which the policy was based.

Where, as here, the policy provides, as required by our Insurance law, that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties," in order to avoid the policy for misrepresentation in the application, made a part thereof, the misrepresentation must be material and fraudulent; that is to say, it must be the statement of something as a fact which is untrue, and which the insured states, knowing it to be untrue, with an intent to deceive, or which he states positively as true, without knowing it to be true, and which has a tendency to mislead, such fact in either case being material to the risk. *Guarraia* v. *Metropolitan Life Insurance Co.,* 90 *N. J. L.* 682; *Duff* v. *Prudential Insurance Co., Id.* 646; *Brunjes* v. *Metropolitan Life Insurance Co.,* 91 *Id.* 296; *McAuliffe* v. *Metropolitan Life Insurance Co.,* 93 *Id.* 189; *Daniels* v. *Hudson River Fire Insurance Co.,* 12 *Cush.* (*Mass.*) 416.

We think that the direction of a verdict for the defendant company cannot be justified because of misrepresentations alleged to have arisen from the following question and answer.

The insured was asked: "Give names of all physicians who have attended you within the past three years. On what dates and for what complaints?" He answered: "Dr. Brandenburg, 1917, boil at elbow. Catarrh throat and ears for past two years."

The evidence showed that he had been attended by Dr. Brandenburg as stated. It also disclosed that one Dr. Sacco had been "called in consultation by Dr. Brandenburg," and not by the insured, and had treated him for catarrh.

There was also evidence that the insured had been treated by a chiropractor.

But neither the fact that another physician had been called in consultation by Dr. Brandenburg, nor the fact that the insured had been treated by a chiropractor, justified the direction of a verdict for the insurance company upon the ground of misrepresentation, for the question whether the answer was untrue, and if untrue, whether willfully untrue, was for the jury.

The rule is that if in the questions and answers there is any ambiguity for which the company is responsible, it is to be resolved against the company in determining whether the answers are false. *Mackinnon* v. *Fidelity Co.,* 72 *N. J. L.* 29. Here the question put by the company asked the names of *attending physicians* only. A physician called in consultation by the attending physician is not necessarily to be regarded as an *attending* physician, and neither is a chiropractor. And where, as here, there is a lack of conclusive and unquestioned proof of the willful falsity of a representation, the question is one for the jury. There must exist no rational theory upon which the jury might find the truth or good faith of the answer of the insured before the court can direct a verdict for the company. *Henn* v. *Metropolitan Life Insurance Co.,* 67 *Id.* 310; *Duff* v. *Prudential Insurance Co., supra.*

We, also, are of the opinion that the direction of the verdict cannot be justified because of misrepresentation alleged to have arisen out of the following question and answer:

The insured was asked, "Are you now in good health?" He answered, "Yes."

That question and answer immediately followed the question already considered, to which, as we have seen, the insured answered "catarrh throat and ears for past two years," and there is no evidence that the insured knew he had, or in fact had, any illness or sickness except as thus disclosed. And where, as here, it appears from the questions and answers respecting the applicant's health, construed as a whole, that his answers are mere expressions of opinion or belief, the falsity of one such answer will not avoid the policy unless the applicant knew or should have known the truth of the matter and answered in bad faith.

The foregoing conclusions, and the principles upon which they rest, in effect, dispose of every other reason urged, either at the trial or here, in support of the direction of a verdict.

Since the direction of the verdict cannot be justified the judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK, JJ. 15.