## CENTURY INDEMNITY CO. v. SHERGOLD et al.

### No. 256.

Circuit Court of Appeals, Second Circuit.

May 4, 1943.

John J. Conners, Jr., of Albany, N. Y. (John J. Ryan, of Albany, N. Y., on the brief), for plaintiff-appellant.

W. A. Fullerton, of Saratoga Springs, N. Y. (Leary & Fullerton and King & Duval, all of Saratoga Springs, N. Y., and Boyle & Lynch, of Schenectady, N. Y., on the brief), for defendants-appellees.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The Century Indemnity Company, plaintiff, appeals from the denial by the district court of the judgment it sought declaring invalid an automobile liability insurance policy it had issued to defendant James A. Shergold. The ground upon which it sought the declaration was that defendant George Allen was the real owner of the automobile insured, and that he secured the policy only by the material misrepresentation that Shergold was its owner and he was Shergold. Under Allen's operation the automobile was involved in an accident resulting in injuries to the other defendants, Joseph L. McGowan, Margaret V. McGowan, Irene Hakey, and Henry Hakey, who have instituted an action in the Supreme Court of New York. The judgment for defendants below was based on a finding that Shergold was the owner and that Allen was his authorized agent, albeit undisclosed, to insure the car in his name.

Decision of this appeal must turn on the nature of the evidence as to the ownership of the automobile. If the evidence supports the district court's finding, plaintiff has no grounds for complaint. It received precisely what it bargained for. Cf. Restatement, Contracts, § 19. That Allen acted throughout in the name of his principal without disclosing his own identity cannot vitiate the contract, for it was not one in which the personal equation figured beyond the ownership of the car. Cf. 1 Williston on Contracts, Rev.Ed., §§ 281, 286; 5 Id. § 1517; Restatement, Agen-

cy, § 7, comment d, § 292. Only if Allen was the owner of the car is it material that he may have been a poor insurance risk, with three accidents in the eight years prior to the date of the policy. Even then it might be questionable whether plaintiff would be in a position to complain, for, as will appear, it relied solely upon a conditional sales contract and an expired insurance policy for information in writing the policy. It even made no investigation of Shergold's accident record, although such an investigation would presumably have disclosed Allen's latest accident—requiring a $6,000 insurance settlement—in a car registered and insured to Shergold as readily as would an investigation of Allen himself. But we think the evidence sustains the district court's finding.

Shergold was a seaman and frequently absent from home for long periods of time. Allen, his brother-in-law, was paid $40 per week to stay with his wife and to assist her as general handy man about the house and in the operation of a roadside establishment. As would seem somewhat natural under the circumstances, Shergold gave Allen a general power of attorney to supervise the former's "business affairs." Allen claims to have bought, registered, and insured the automobile in Shergold's name pursuant to this power; and he denies that he ever sought to conceal his own identity in any of these dealings.

He acquired the automobile from Ratigan Motor Sales, financed it through the Ausable Credit Company, and insured it with plaintiff through a broker, Ashley, who was also president of Ratigan Motor Sales and vice-president of the Ausable Credit Company. Ashley obtained the information required by plaintiff to write the policy from the conditional sales installment contract covering the car and from an expired insurance contract in Shergold's name on a trade-in car, the registration transfer for which Allen signed in Shergold's name. The installments due under the contract were paid from Shergold's bank account with checks signed by Allen in Shergold's name. Allen also signed Shergold's name to three credit fee allowance stubs for refunds from the Bureau of Motor Vehicles of the State of New York.

The sole evidence against Shergold's ownership was Allen's testimony to the contrary at a Bureau of Motor Vehicles hearing and a written statement by Shergold that his brother-in-law bought a number of cars and registered them in his name

for some unknown reason. But at the trial Allen explained that his testimony was given with the idea of protecting Shergold against liability for his operation of the car. And there was explicit testimony from both Shergold and his wife that they had fully acquiesced in all Allen's transactions relating to the car and that his acts were within the authority of the power of attorney. That only Allen admittedly ever drove the car appears of slight significance in view of his position in the household, coupled with the fact that neither of the Shergolds knew how to operate an automobile. The finding of title in Shergold, based on a consistent course of conduct by the parties showing every transaction concerning the car to have been carried out in his name pursuant to an established power of attorney, is, therefore, thoroughly supported.

Affirmed.