219 P.2d 322

## MODERN WOODMEN OF AMERICA v. STEVENS.

### No. 5173.

Supreme Court of Arizona.

June 19, 1950.

Marks & Marks, of Phoenix, for appellant.

George D. Locke, of Phoenix, Kenneth Rosengren, of Phoenix, for appellee.

PHELPS, Justice.

This action was brought by the plaintiff, Henrietta Stevens, beneficiary under a certificate of insurance issued by the defendant, Modern Woodmen of America, a corporation, in favor of plaintiff's minor son, Thomas R. Stevens, now deceased.

The facts are that deceased had been issued by the defendant a certificate of insurance in the sum of $500 in September, 1931, when apparently he was only about one year of age. Under the regulations of defendant a minor who is the holder of a certificate of insurance in the organization is required to transfer from the junior to the adult group at the age of 16 years.

Pursuant to this regulation deceased made application with the defendant for such transfer by filing with it his application therefor bearing date July 20, 1946 in which he applied for an increase in his insurance from $500 to $2000, making the insurance payable on death to plaintiff. The certificate issued upon the application on July 26, 1946 and was registered on August 1, 1946.

Thomas R. Stevens died on November 2, 1946. Proof of death was duly made to the defendant. Payment was refused except in the sum of $500, the amount of the junior policy. Defendant tendered to plaintiff its check in that amount plus the additional premium paid on the $2000 insurance contract which plaintiff refused to accept and thereupon brought this action.

Defendant answered plaintiff's complaint and set up as a defense that deceased made certain false answers to questions contained in the application which constituted a breach of warranty and rendered the policy void. The application was by the terms of the certificate of insurance made a part of such contract.

The cause was tried to a jury and verdict and judgment rendered in favor of plaintiff for $2000. From said judgment and the order denying motion for a new trial defendant appeals setting up ten separate assignments of error, all of which when reduced to their simplest form present but one question, to wit: Did deceased make false answers to the questions in his application for insurance which amounted either to actual or legal fraud? An answer to this question will effectively dispose of all other questions of law raised under the assignments of error.

The following are the questions and answers upon which defendant relies as constituting fraud:

"10. a. Have you within the last five years consulted or been treated by any physician or physicians or other person in regard to a personal ailment? Answer, No.

"b. If so, give name and address of each and all physicians or persons consulted or by whom treated and dates, ailments and duration of attacks. (No answer)

"c. Was recovery complete? (No answer)"

"17. Q. Are you now in sound mind, body and health? A. Yes."

"28. a. Have you ever had or has any physician ever treated you for or advised or informed you that you ever had (approximately 50 diseases were enumerated), or any other disease * * * ? Answer, No.

"b. If you answer yes, explain fully, stating each and every such disease or ailment, the dates and duration thereof, the names and addresses of all attending or consulting physicians and surgeons and

whether or not recovery was complete in each and every instance. No answer.

\* \* \* \* \* \*

"I hereby declare that all the foregoing statements and answers are complete and true and I agree

"That all the foregoing statements and answers together with this declaration, shall constitute the application and become a part of the contract of insurance hereby applied for. I further agree that the certificate herein applied for shall be accepted by me subject to the privileges and provisions therein contained. \* \* \*"

The facts are that between some time in May and the date he made the above answers deceased had consulted Dr. Denninger of Glendale on several occasions for sinusitis. According to the history he gave Dr. Leslie Smith he had at times during this period fever running as high as 102 degrees, had suffered from sinus headaches, had vomited on a number of occasions, was drinking a great deal of water and urinating frequently. This latter difficulty began in May, 1946. It came on suddenly and continued until his death. It was finally diagnosed as diabetes insipidus due to a tumor on the pituitary gland. This finally developed into cancer of the blood causing death.

■ These were facts which were within the personal knowledge of deceased and if the answers that he had not consulted a physician and that he was then in sound body and health were made with intent to deceive defendant it constituted actual fraud. If on the other hand the deceased had no intention of deceiving the insurer at the time he made the answer he was nevertheless guilty of legal fraud for the reason that the fact of whether he had or had not attended a physician within the past five years and that he was not physically well was within his personal knowledge and was such a fact that the insurer would naturally contemplate that his answers represented actual facts. They were such representations as would materially affect the acceptance of the risk and the hazard assumed by defendant.

The answer to question No. 17 under most circumstances would constitute merely a statement of opinion and would not amount to fraud unless made with actual intent to deceive the insurer but under the evidence in this case it is clearly a statement of fact and falls in the same catagory as the answer to question No. 10. Under all the decisions of this court either actual or legal fraud voids a policy of insurance at the option of the insurer. Illinois Bankers' Life Ass'n v. Theodore, 44 Ariz. 160, 34 P.2d 423; Greber v. Equitable Life Assur. Soc. of United States, 43 Ariz. 1, 28 P.2d 817.

■ We have considered the cases cited by plaintiff in support of her position that a minor is not bound by his warranties and found that the specific question was

involved only in the cases of O'Rourke v. John Hancock Mut. Life Ins. Co., 23 R.I. 457, 50 A. 834, 57 A.L.R. 496, 91 Am. St.Rep. 643, and Keenan v. John Hancock Mut. Life Ins. Co. of Boston, Mass., 50 R.I. 158, 146 A. 401, both of which are Rhode Island cases. We are not impressed with the soundness of these decisions and refuse to follow them. It appears to us that if a minor makes express warranties in a contract upon which the other contracting party relies and which materially affect the acceptance of the risk or the hazard assumed by it if the minor attempts to enforce the contract he must stand upon it in its entirety and is in no better position than an adult would be under similar circumstances. The law relating to the enforcibility of contracts with minors has been evolved for his protection and not as an instrument through which he may defraud others.

The other cases cited by plaintiff on this point are all cases where actions have been brought against minors and are to the effect that a minor is not bound by his contract and may repudiate it at any time during minority but if he does not do so he will be required to perform according to the terms thereof unless he repudiates the same within a reasonable time after reaching his majority. It is not necessary to consider other questions raised by defendant. We hold that the answers made by deceased in his application for insurance with defendant does not fall within the exceptions stated in Sovereign Camp. W. O. W., v. Sandoval, 47 Ariz. 167, 54 P.2d 557, and therefore constituted legal fraud thus voiding the certificate of insurance. The trial court erred in not instructing a verdict for defendant at the close of plaintiff's case.

Judgment reversed with instructions to enter judgment for defendant.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.