CARMELLA GUARIGLIA *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 7—decided June 10, 1952

*Ernest L. Josem,* for the appellant (plaintiff).

*Philo C. Calhoun,* with whom were *Philip H. Smith* and, on the brief, *Daniel F. Wheeler,* for the appellee (defendant).

BALDWIN, J. The plaintiff sues as the beneficiary of a policy of life insurance issued by the defendant on the life of her deceased son, Vincent Guariglia. The complaint alleges a loss payable under the policy. The answer contains a denial and two special defenses. In these, the defendant alleges that statements contained in the application attached to the policy to the effect that the insured was in sound health and that he had not been hospitalized or treated by a physician for heart disease or for any other cause within five years—statements knowingly made by the insured and relied upon by the defendant—were untrue and were made for the purpose of deceiving the defendant. The reply denied these allegations. By their answers to two interrogatories, the jury found that the statements were untrue, but they

rendered their verdict for the plaintiff. The trial court set it aside and the plaintiff has appealed. The only error pressed in the plaintiff's brief or in oral argument is the granting of the motion to set the verdict aside.

The policy of insurance upon which the plaintiff sues contains these provisions: "This insurance is granted in consideration of the application herefor, a copy of which is attached hereto and made a part of this contract. . . . This policy and the application herefor constitute the entire contract between the parties, and all statements made by the Insured or on his behalf . . . shall . . . be deemed representations. . . ." The application included the following agreements, which were set forth in a paragraph immediately above the insured's signature: "It is understood and agreed that: A. The statements and the answers set forth on Pages 1 and 2 in this application, each of which I have made and read, are complete, true and correctly recorded, and shall form the basis for and shall be a part of the contract of insurance." Among the questions and answers contained in the application were the following: "Have you ever received or applied for treatment at, or attended, any hospital, dispensary, sanitarium, cure or other institution? If answer is 'Yes,' give full particulars. . . . No. . . . Have you consulted or been treated by a physician or other practitioner during the past five years? Give full particulars. No."

The jury's response to the interrogatories established that these answers were not true. Their finding in this regard was adequately supported by the evidence. There was competent evidence to the effect that the insured had been treated for a heart condition by three different physicians on several occasions, the last time being within two months of the

date of the issuance of the policy. A hospital record, admitted without objection, proved that he had been hospitalized for the same reason. It is conceded that the policy was a so-called "nonmedical" policy, that is, one issued without prior medical examination. Under these circumstances the representations of the insured are of especial significance. Contained as they were in the application attached to and made a part of the contract, they were material. The information they imparted formed the basis of the policy and defined the risk. *State Bank & Trust Co.* v. *Connecticut General Life Ins. Co.,* 109 Conn. 67, 70, 145 A. 565; *Russo* v. *Metropolitan Life Ins. Co.,* 125 Conn. 132, 134, 3 A.2d 844; *Kelly* v. *John Hancock Mutual Life Ins. Co.,* 131 Conn. 106, 110, 38 A.2d 176. Because they were untrue they preclude any recovery on the policy. *Kelly* v. *John Hancock Mutual Life Ins. Co.,* supra, 110; *Russo* v. *Metropolitan Life Ins. Co.,* supra, 134; 29 Am. Jur. 422, § 524. They "invalidate the policy without further proof of actual conscious design to defraud." *State Bank & Trust Co.* v. *Connecticut General Life Ins. Co.,* supra, 72; see *Popowicz* v. *Metropolitan Life Ins. Co.,* 114 Conn. 333, 335, 158 A. 885; Vance, Insurance (3d Ed.) § 67.

The plaintiff claims that the defense set up under this rule is not available to the defendant because the false answers were inserted in the application by the company's agent without the knowledge and consent of the insured, who should not be bound thereby since he was a minor. There is no evidence in the record from which the jury could legally have found that the agent inserted false answers to the questions in the application without the knowledge and consent of the insured. Nor does the fact that the insured was a minor make possible a relaxation

of the rule. The insured was fifteen years and seven months of age when the policy issued. Section 6147 of the General Statutes expressly enabled him as a minor over fifteen years of age to enter into this contract of insurance. The statute provides that such a minor "may exercise all such contractual rights with respect to any such contract of insurance as might be exercised by a person of full legal age." The minor cannot take advantage of these contractual rights without complying with the conditions of the policy. As was well pointed out by the New Jersey court in discussing a similar statute, "By making the infants, within the terms of the statute, competent to contract not only for their own benefit but for the benefit of others, the legislature to that extent removed the disparity between infants and adults, and it follows that the company has the same right as the infant to disaffirm the contract for fraud." *Prahm* v. *Prudential Ins. Co.*, 97 N.J.L. 206, 208, 116 A. 798. Under a statute which required a minor, if he disaffirmed a contract after reaching his majority, to restore to the other party all the money or property received by virtue of the contract, the Supreme Court of Kansas reached a like conclusion. *Metropolitan Life Ins. Co.* v. *Brubaker*, 78 Kan. 146, 96 P. 62. The insured in that case was a minor at the time the policy was issued as well as at the time of his death, and the court said (p. 153): "This contract was not disaffirmed by the minor. It is binding upon him until disaffirmed, and the court knows of no one who can exercise the right to disaffirm except the minor. But if the plaintiff be allowed to represent the minor, the same consequences must follow as if the minor had acted. The contract of insurance is an entirety, and the statute gives the minor no right to disaffirm provisions which he finds burdensome and

to enforce those which are to his advantage." See *Modern Woodmen of America* v. *Stevens,* 70 Ariz. 232, 234, 219 P.2d 322; 4 Couch, Insurance, § 823. Furthermore, it does not appear upon the record that the claim upon which the plaintiff now relies was raised in the trial court or upon the pleadings.

The trial court was correct in granting the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.