JEFFE

v.

**MONARCH LIFE INS. CO.**

Civ. No. 4844.

United States District Court, D. Connecticut.

Aug. 16, 1954.

Irving Sweedler, New Haven, Conn., for plaintiff.

Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for defendant.

ANDERSON, District Judge.

This action is in two counts: the first seeks to recover disability benefits under a health and accident insurance policy issued by the defendant to the plaintiff and the second asks for an order reinstating the same policy after cancellation by the defendant, and declaring the policy to be in full force and effect. In its special answer the defendant alleges that the plaintiff in applying for the policy in writing made certain false representations, that the written application was expressly made a part of the contract of insurance, that the falsity of the representations made the contract voidable and that the defendant within the two years, after which the policy would have become incontestible, cancelled the policy. The defendant also filed a cross complaint which repeated the allegations of the special defense and also stated, in effect, that before it discovered the falsity of

the plaintiff's representations in his application, it paid to him, following a disability claimed by the defendant, the sum of $1,200, which the plaintiff should now repay, less the sum of $273 paid by the plaintiff to the defendant in premiums on the policy, or a net amount of $927. The defendant asks for a decree declaring the policy rescinded and judgment for $927.

The facts based upon admissions in the pleadings and the defendant's request for admissions, unanswered by the plaintiff and, therefore, deemed admitted, Rule 36 of the Rules of Civil Procedure, 28 U.S.C.A. are as follows:

On September 30, 1952, the defendant company issued to the plaintiff at New Haven, Connecticut, a health and accident policy of which the application by the plaintiff was expressly made a part. The application called for the answers to these two questions among others.

"6(a) Has any company or society ever declined to issue life, health or accident insurance on your life, or issued or offered to issue insurance differing from that applied for, or cancelled or refused to renew a policy or certificate for you; or have you an application for insurance now pending?" and

"6(c) Have you applied or been examined for any insurance during the past two years?"

To each of these questions the plaintiff wrote the answer "No."

Shortly thereafter the plaintiff applied for disability payments under the policy; and the defendant paid him sums totalling $1,200. On August 17, 1953, the defendant cancelled the policy. Up to that time the plaintiff had paid $273 in premiums. The reason for the cancellation was that answers given by the plaintiff to the two questions quoted from the application were false. On July 12, 1946, the plaintiff had made application to the Phoenix Mutual Life Insurance Company for a policy of life insurance. This application was rejected on July 18, 1946, and the plaintiff received back his first premium payment. On September 10, 1948, the plaintiff had applied to The Travelers Insurance Company for an accident policy which was declined by the company. The plaintiff in March, 1951, asked The Travelers Insurance Company for a reconsideration of his application for accident insurance and the company refused to reconsider it.

The facts concerning the application by the plaintiff to the Phoenix Mutual Life Insurance Company and to The Travelers Insurance Company and the rejection of the application are supported by the depositions of Stanley Penfield, Manager of the underwriting department of the former, and by John G. Hill, an accident underwriter in the health and accident department of the latter.

The plaintiff claims there is a genuine issue as to the materiality of the false representations made by the plaintiff in his application to the defendant company and cites 1205b of the 1951 Cumulative Supplement to the General Statutes of the State of Connecticut Revision of 1949 where it provides in paragraph (c), "The falsity of any statement in the application for any policy * * * may not bar the right to recovery thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer."

The question, therefore, presented by the motion for summary judgment is whether or not on the facts of the case, the particular misrepresentations should be found material under the terms of the Connecticut Statute as a matter of law.

While the true answers to the questions falsely answered would not in themselves have disclosed any specific reason, such as a physical defect, which caused the plaintiff's previous applications to the other insurance companies to be rejected, nevertheless, the true answers would have put the defendant on notice or opened up a line of inquiry which was vital to its consideration of the application. Obviously the defendant would not have entered into the contract if it had known it was being deprived of

such notice or prevented from pursuing such a line of inquiry. The acceptance of the risk was materially affected, and this is found to be so as a matter of law.

"The test of materiality is in the effect which the knowledge of the fact in question would have on the making of the contract. To be material, a fact need not increase the risk, or contribute to any loss or damage suffered. It is sufficient if the knowledge of it would influence the parties in making the contract." Vance on Insurance 3rd Edition Section 62.

In Government Employees Insurance Co. v. Powell, 160 F.2d 89, at page 92 (notes 4–7) the Court of Appeals for the Second Circuit said: "Insurance policies are contracts uberrimae fidei and a failure by the insured to disclose conditions affecting the risk, of which he is aware, makes the contract voidable at the insurer's option." See also Russo v. Metropolitan Life Insurance Co., 125 Conn. 132 at page 134, 3 A.2d 844. In Guariglia v. John Hancock Mutual Life Insurance Co., 139 Conn. 54 at page 57, 90 A. 2d 162, 163, the Supreme Court of Errors of Connecticut said that such misrepresentations " 'invalidate the policy without further proof of actual conscious design to defraud.' "

That the plaintiff's misrepresentations in his application for a policy of health and accident insurance as to prior rejection of an application for life insurance and an application for accident insurance are material as a matter of law has been specifically so held in other cases. North American Accident Insurance Co. v. Tebbs, 10 Cir., 107 F.2d 853; Dudgeon v. Mutual Benefit Health & Accident Ass'n, 4 Cir., 70 F.2d 49; Columbian National Life Insurance Co. v. Harrison, 6 Cir., 12 F.2d 986. See also Appleman, "Insurance Law and Practice", page 315, paragraph 291.

It is apparent that there is no genuine issue as to any material fact. The defendant's motion for summary judgment is granted and judgment may be entered for the defendant on the complaint and also on its cross complaint to recover from the plaintiff $927 with its costs.