12-2045-cv
St. Paul Fire & Marine Ins. Co. v. Matrix Posh, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand thirteen,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                          *Circuit Judges*.
_____

ST. PAUL FIRE & MARINE INS. CO.,

             *Plaintiff-Appellee*,

             -v-                                    12-2045-cv

MATRIX POSH, LLC,

             *Defendant-Appellant*.
_____

Appearing for Appellee:     Patrick Ryan McElduff (James W. Carbin, *on the brief*), Duane Morris LLP, Newark, NJ

Appearing for Appellant:     Stephen R. Jellenik, Bohemia, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Matrix Posh, LLC ("Matrix") appeals from the district court's judgment dated May 2, 2012, following its grant of summary judgment declaring that the marine insurance policy on Matrix's vessel was void *ab initio*. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

The doctrine of *uberrimae fidei* demands "that the parties to a marine insurance policy must accord each other the highest degree of good faith." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 13 (2d Cir. 1986). This duty of utmost good faith "requires an assured to disclose any information that materially affects the risk being insured, because the assured is more likely to be aware of such information." *N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 123 (2d Cir. 2001). If the insured fails to make the required disclosures—*i.e.*, any material information—the policy is void *ab initio*. *Knight*, 804 F.2d at 13.

"[T]he materiality of the nondisclosure does not depend on what an investigation would have revealed. . . . Instead, the insurer should be afforded the opportunity to investigate prior to its acceptance of the risk. Accordingly, the assured is required to communicate the information to the insurer before the policy is issued, so that the insurer can decide for itself at that time whether to accept the risk." *Id.* at 13-14. Here, it is undisputed that Matrix did not disclose the prior damage to the insured vessel. That Matrix now claims that the previous damage was minor is of no moment, as this is not the standard for materiality. The determination of the extent of the previous damage is exactly "what an investigation would have revealed," which is not the test for materiality as clearly held in *Knight*. *Id.* Rather the damage should have been disclosed to St. Paul, affording it "the opportunity to investigate prior to its acceptance of the risk." *Id.* at 14. Because Matrix failed in its duty of full disclosure, the policy is void *ab initio*.

We note that the parties dispute whether the "misrepresentation was made in reply to a specific question." *Kerr v. Union Marine Ins. Co.*, 130 F. 415, 417 (2d Cir. 1904). The application here only inquired as to "insurance losses," and the previous damage to the vessel did not cause Matrix's own insurer to incur a loss, although another insurer bore the loss. Rather than excluding the question of materialness, *id.*, this Court has considered the question of materiality and concluded that Matrix violated its obligation under *uberrimae fidei*, voiding the policy.

We find the Appellants' remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2