THE STATE BANK AND TRUST COMPANY, GUARDIAN, *vs.* THE CONNECTICUT GENERAL LIFE INSUR-
ANCE COMPANY.

First Judicial District, Hartford, March Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued March 5th—decided April 6th, 1929.

*Ufa E. Guthrie,* with whom was *James E. Cannon,* for the appellant (plaintiff).

*Lucius F. Robinson, Jr.,* with whom was *Francis W. Cole,* for the appellee (defendant).

BANKS, J.   The plaintiff is the guardian of the two minor beneficiaries under a life insurance policy issued by the defendant to David Maislen on June 30th, 1925.   Maislen died on January 30th, 1926, of a tumor of the brain.   The policy in suit is what is known as a nonmedical policy issued by the company without medical examination to its policy holders who had passed its regular examination within two years. The defense is that the assured procured the issuance of the policy by certain false and fraudulent misrepresentations contained in his application dated June 24th, 1925, and in the application for his previous policy dated September 9th, 1924, which was made a part of the application for the policy in suit and a basis

for the issuance of that policy. The alleged misrepresentations of the assured are that as of September 9th, 1924, he stated: (1) He was then in good health; (2) he had never had renal colic; (3) he had never had a discharge from the ear; (4) he had never been an inmate of a hospital; and that as of June 24th, 1925, he stated: (5) he had not been ill since September 9th, 1924; (6) he had not consulted any physician since that date, and (7) he was not on June 24th, 1925, affected by any disease or infirmity. That these representations were made by the assured in the answers to questions contained in his applications is not in dispute. In its reply the plaintiff admits that the assured was a patient at the Hartford hospital from July 22d to July 26th, 1919, and that he was a patient at that hospital a second time from October 11th to October 17th, 1924. The plaintiff denied that the assured had been ill since September 9th, 1924, except for a slight attack of left ureteral calculus for which he was treated at the Hartford hospital in October, 1924, and denied that he had consulted any physician or other medical practitioner since September 9th, 1924, other than his brother, who was a physician, and the attending physician at the Hartford hospital. It appeared from testimony offered by the plaintiff and which was undisputed that the assured consulted Dr. Seigell, an eye, ear and throat specialist, twelve times between September 21st, 1923, and April 1st, 1925.

Upon the pleadings, therefore, and the undisputed evidence, it appears that representations four, five, and six, at least, were not true. The plaintiff contends that even so the verdict of the jury was justified because (1) recovery is not barred by misrepresentations as to immaterial matters and the question of their materiality was one of fact for the jury, (2) the answers to the questions were substantially if not lit-

erally truthful, and (3) the misrepresentations were not made wilfully with an intent to deceive.

The policy provides that "the consideration for this insurance is the application, a copy of which is attached hereto and made a part of this contract," and the application states that the former application, in accordance with which the prior policy was issued, is "made a part of this application and the applicant herein agrees that the answers and representations made by him in said former application are full, complete and true, and shall form a basis for any policy issued hereunder." The claimed misrepresentations are contained in answers to questions appearing in the two applications and relate to the health of the applicant. That they were material to the risk as matter of law is beyond question. Where the materiality of a representation depends upon inferences drawn from facts and circumstances proved, the question is one for the jury. Where the representation is contained in an answer to a question contained in the application which is made a part of the policy the inquiry and answer are tantamount to an agreement that the matter inquired about is material. The information given forms the basis of the contract and defines the risk assumed. *Jeffrey* v. *United Order of the Golden Cross,* 97 Me. 176, 53 Atl. 1102; *Mutual Life Ins. Co.* v. *Geleynse,* 241 Mich. 659, 217 N. W. 790; *Travelers Ins. Co.* v. *Pomerantz,* 246 N. Y. 63, 158 N. E. 21; *Myers* v. *Mutual Life Ins. Co.,* 83 W. Va. 390, 98 S. E. 424; *Mutual Life Ins. Co.* v. *Hurni Packing Co.,* 260 Fed. 641; *Kasprzyk* v. *Metropolitan Life Ins. Co.,* 140 N. Y. Supp. 211; 1 May on Insurance (3d Ed.) §§ 185, 186, 187; 14 R. C. L. 1074. "The test of materiality is in the effect which the knowledge of the fact in question would have on the making of the contract. To be material, a fact need not increase

the risk, or contribute to any loss or damage suffered. It is sufficient if the knowledge of it would influence the parties in making the contract. . . . Matters made the subject of special inquiry are deemed conclusively material." Vance on Insurance, 257. In the case of a nonmedical policy such as this where, in the absence of a medical examination, complete reliance is placed upon the answers of the applicant for information as to his health, such answers are especially material as forming the basis upon which the contract of insurance is entered into.

The plaintiff contends that the answers of the assured, though material to the risk, are not required to be literally truthful and that the jury might reasonably have found that they were substantially true. No doubt the questions in these applications should have a reasonable interpretation. An applicant may have had some ailment or indisposition of so slight and temporary a character as to have left no impress upon his memory, in which event he could honestly answer in the negative an inquiry if he had been ill. A consultation of a physician may have been for such a minor ailment as to fall within the same category. But the malady for which the assured was in the Hartford hospital from October 11th to October 17th, 1924, was not of such a character. The answers of the assured were not substantially true, and the jury could not reasonably have so found even if the questions and answers are interpreted most liberally in his favor. He denied that he had been ill since September 9th, 1924, and denied that he had consulted any physician or other medical practitioner. From October 11th to October 17th, 1924, the assured was a patient at the Hartford hospital undergoing treatment for ureteral calculus. The hospital record stated that four days before his admission to the hospital he was seized

with severe pain at times so excrutiating that he cried and considerable morphine was necessary to quiet the pain. While he was in the hospital he had severe attacks of pain for which morphine was administered. An X-ray examination showed a left ureteral calculus and the patient was prepared for an operation on October 17th, but that morning passed a stone and was discharged improved. The record also stated that six years before the patient had an attack of left ureteral calculus. Dr. Rowley who attended him on both occasions testified that the pain from ureteral colic which he was suffering was as severe almost as any pain that one can experience. When the assured was taken sick in October, 1924, he was attended by his brother, Dr. Samuel Maislen, who testified that after his pain did not let up after repeated hypodermics he sent him to the hospital and called Dr. Rowley in consultation. Dr. Rowley called Dr. Spillane in consultation. These facts were not in dispute. From them no other reasonable conclusion could be reached than that the assured's statements that he had not been ill since September 9th, 1924, and had not consulted a physician or other medical practitioner were false and known by him to be false when he made them. There can also be no question that these answers to questions contained in an application for a nonmedical policy were relied on by the defendant in the issuance of the policy without a medical examination.

Material representations such as these, relied on by the company, which were untrue and known by the assured to be untrue when made, invalidate the policy without further proof of actual conscious design to defraud. *Mutual Life Ins. Co.* v. *Hilton-Green*, 241 U. S. 613, 622, 36 Sup. Ct. 676; *Lewis* v. *New York Life Ins. Co.*, 201 Mo. App. 48, 209 S. W. 625; *Bankers Life Ins. Co.* v. *Miller*, 100 Md. 1, 6, 59 Atl. 116; *Mu-*

*tual Life Ins. Co.* v. *Hurni Packing Co., supra;* 2 Joyce on Insurance (2d Ed.) § 1902; Vance on Insurance, 269. If it were necessary to prove an intent to deceive, such intent would be inferred from the making of the false representations with knowledge that they were false. *Hammatt* v. *Emerson,* 27 Me. 308, 326.

Upon the undisputed facts in the case it was established beyond peradventure that the assured, in answer to questions in the application for the policy in suit, made representations as to his health and the consultation of physicians which were false and known to him to be false, and which were material to the risk and relied on by the insurer in the issuance of the policy. The trial court had no alternative but to set aside the verdict in favor of the plaintiff.

Since we find no error upon the plaintiff's appeal, it is unnecessary to consider the matters contained in the appellee's bill of exceptions.

There is no error.

In this opinion the other judges concurred.