ALBERT F. RIPPEL *v.* METROPOLITAN LIFE INSURANCE COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 9—decided February 17, 1942.

*Philo C. Calhoun,* with whom, on the brief, was *Daniel F. Wheeler,* for the appellant (defendant).

*William C. Strong,* with whom, on the brief, was *S. Floyd Nagle,* for the appellee (plaintiff).

ELLS, J. This is an action upon a policy of life insurance. The plaintiff alleged performance of all the terms and conditions of the policy on the part of the insured and the beneficiary, and a refusal to pay by the defendant. The defense was that upon three occasions the policy lapsed because of nonpayment of monthly premiums and the defendant reinstated it each time in reliance upon untrue and false statements made by the insured concerning the condition of her health. The plaintiff claimed that the defendant's

agent was informed by the insured of the true facts in so far as they were then known to her, and that with knowledge both of the incorrectness of the statements and of the true facts the defendant accepted the premiums, reinstated the policy and waived its rights of forfeiture. The jury returned a verdict for the plaintiff, the trial court refused to set it aside and the defendant appealed from the refusal and from the judgment.

The terms of the policy and of the applications for reinstatement are not in dispute. The statements made by the insured in the applications, concerning her health, were untrue in material respects. The evidence concerning the knowledge of the agent was in sharp conflict, but the jury could reasonably have found that he had such knowledge as the insured had, and that, under the circumstances, the insured had no fraudulent intent to deceive the defendant. There was no evidence that the agent communicated his knowledge to any other agent or to any officer of the defendant corporation.

Upon the appeal from the refusal of the trial court to set aside the verdict the question is whether the evidence which the jury were entitled to believe was sufficient to sustain a finding of waiver by or estoppel against the defendant so as to justify the verdict rendered.

The policy provided that if it lapsed in consequence of default in payment of any premium, it could be reinstated upon the production of evidence of insurability satisfactory to the company and the payment of all overdue premiums, with interest. It also provided that "No agent is authorized to waive forfeitures, to alter or amend this Policy, to accept premiums in arrears or to extend the due date of any premium." In the written applications for reinstatement signed

by the insured, which were not in terms made a part of the policy, she certified that her statements were wholly true and made with the intent to induce the company to reinstate the policy; and she agreed that if the company granted the reinstatements such action should be deemed to be based exclusively upon the representations thus made and upon the express condition that if they were in any respect untrue the company should for a period of two years be under no liability by reason of the attempted reinstatement of the policy, except to return the premiums then paid. The first and second applications were essentially similar; factual differences in the third do not affect this decision.

The rights of the insured to a reinstatement were not unconditional. They were fixed by the policy and were dependent upon the production of evidence of insurability satisfactory to the company. It is upon the background of the conditions contained in the policy as well as in the applications for reinstatement that we must view the transaction between the parties. The agreement made by the insured in her applications for reinstatement protected the defendant in the event of material misstatement. *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699, 704, 52 Atl. 490; *State Bank & Trust Co.* v. *Connecticut General Life Ins. Co.*, 109 Conn. 67, 70, 145 Atl. 565. The defendant could, however, waive this defense either by express agreement or by acts or conduct from which waiver may be implied. If the defendant itself, knowing the statements of the insured to be untrue in material respects and with knowledge of the true facts, chose to accept the premiums and reinstate the policy, it waived the cause of avoidance or was estopped from insisting upon or taking advantage of it. The possession by the insurer of knowledge of invalidating facts

is universally recognized as an essential prerequisite to such waiver or estoppel, but the effect of knowledge of the agent of the insurer is a subject upon which there is a confusing diversity of authority. *MacKay* v. *Aetna Life Ins. Co.*, 118 Conn. 538, 548, 173 Atl. 783.

We are not required to decide the question whether the knowledge of this particular agent is to be imputed to the defendant, for there was one vital fact concerning the health of the insured which the agent did not and could not know, and which therefore could not be imputed to the defendant. In answer to the question "Are you in sound health?" she replied "Yes." Upon the evidence the jury could not reasonably have found otherwise than that for several months prior to the time she made the first application she had had cancer of the sigmoid, and that it was the cause of her death. She signed the first application on November 8, 1938, and the second on December 13th, and she died on February 4, 1939. She had no knowledge of this cancer, for it was revealed only by an exploratory operation and by a post-mortem examination. Ignorance on the part of the insured of the existence of the cancer is immaterial. That she did not know she had this mortal disease could not avail her. *Popowicz* v. *Metropolitan Life Ins. Co.*, 114 Conn. 333, 335, 158 Atl. 885; 3 Joyce, Insurance (2d Ed.), § 2010. The plaintiff concedes that the case cited "probably follows the weight of authority," but contends that it concerned an original application for a policy and that its decision should not be extended to apply to reinstatement applications. There is no sound reason for this. Courts have made no distinction in respect to the meaning of the term "sound health" as used in connection with such reinstatement and as used in the taking out of a policy; and the same general rules have been followed in both situations. *Schrader* v. *John Hancock Mutual*

*Life Ins. Co.*, 232 App. Div. 644, 645, 251 N. Y. S. 169; note, 100 A. L. R. 362, 374, 375. Cases directly supporting the opinion as regards applications for reinstatement are *Clark* v. *Mutual Life Ins. Co.*, 251 Mass. 1, 5, 146 N. E. 43; *Prudential Ins. Co. of America* v. *Ashe*, 266 Mich. 667, 672, 254 N. W. 243. Possession by the insurer of knowledge of invalidating facts being universally recognized as an essential prerequisite to such waiver or estoppel as is claimed in the instant case, and the agent having had no knowledge of this vital condition of ill health, it follows that the defendant did not have it, and is not estopped. The trial court erred in refusing to set the verdict aside.

The court's charge upon the issue of sound health was not in accord with our law as stated above and constituted reversible error.

The plaintiff filed a counterfinding and assigned as error the refusal of the trial court to incorporate its claims of proof in the finding. No corrections can be made which would avail the plaintiff in respect to the charge concerning the question of sound health.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.