ELINOR KELLY *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 3—decided June 15, 1944.

*Philo C. Calhoun,* with whom, on the brief, was *Daniel F. Wheeler,* for the appellant (defendant).

*C. David Munich,* with whom, on the brief, was *George N. Foster,* for the appellee (plaintiff).

ELLS, J. This is an action to collect the proceeds of a policy of life insurance issued by the defendant on January 12, 1938, on the life of Theresa Magurn, payable to the plaintiff, her daughter, as the named beneficiary. The complaint alleges due performance of the conditions of the policy. The defendant's answer contains a denial and special defenses which

allege a condition contained in the policy to the effect that it should not take effect unless the assured was in sound health on the date of issue, a breach of that condition, and certain material misrepresentations contained in the application as to good health, prior disease, attendance at hospital and treatment by physicians which were knowingly made and upon which the defendant relied. The plaintiff denied the truth of these allegations and pleaded an estoppel. The jury returned a verdict for the plaintiff which the trial court refused to set aside, and the defendant appealed, alleging error in the denial of its motion to set the verdict aside and in the charge.

There was no competent evidence tending to prove that the assured was in sound health at the time the policy was issued. The burden of proof was on the plaintiff. *Harty* v. *Eagle Indemnity Co.*, 108 Conn. 563, 565, 143 Atl. 847, and cases cited. The facts as shown by the hospital records, admitted without objection or explanation by the plaintiff, and as shown by the only medical testimony produced were that for about ten years prior to the issuance of the policy the assured had been afflicted with severe and chronic diabetes for which she had been treated at the Bridgeport Hospital on no less than five occasions between 1928 and September, 1935, for periods of from one to six weeks. During the year 1938 she had been confined three times in a hospital for the same ailment, which contributed to her death on September 23, 1938. The death certificate, admitted without objection, certified that the assured had been afflicted with chronic nephritis since 1931, and that it was an important contributory cause of death. None of this evidence was disputed or explained by the plaintiff except by her own testimony that her mother was in sound health, as far as she was able to observe, and had not

seen a doctor for two and a half years prior to the date of the application. There was evidence that during that period her health had improved, but none that she had been cured of her chronic diabetes and nephritis. The defendant's agent, testifying for the defendant, said that the assured appeared to be in sound health "as far as I could see." Under these circumstances the vague testimony of lay witnesses was insufficient to prove that the assured was actually in sound health at the date of the application. *O'Meara* v. *Columbian National Life Ins. Co.*, 119 Conn. 641, 645, 178 Atl. 357, and cases cited. A person afflicted with chronic diabetes and nephritis is not in sound health, as a matter of law. 4 Couch, Cyc. of Ins. Law, §§ 885a, 885h. The assured must have known that she was afflicted with these serious diseases; in any event her actual knowledge is immaterial. *Rippel* v. *Metropolitan Life Ins. Co.*, 128 Conn. 591, 595, 24 Atl. (2d) 888; *Popowicz* v. *Metropolitan Life Ins. Co.*, 114 Conn. 333, 335, 158 Atl. 885; 3 Joyce, Insurance (2d Ed.), § 2010.

The plaintiff concedes that the representations, except the one as to sound health, made in the application for the policy and specified in the defendant's special defenses were untrue, but claims that the representations were not in fact made by the assured. The only supporting evidence is that the agent filled in the answers, and that he did not read the completed application to the assured. The agent testified that he filled in the application with the answers to the questions given him by the assured and that she looked at it for some time prior to signing it. It was admitted by the plaintiff that the assured could read and that she signed the application. The only other person present was the plaintiff, who testified that she did not know whether or not her mother read the application over

before she signed it. There was no evidence of fraud or misrepresentation on the part of the agent. Under these circumstances the assured was under a duty to know the contents of the application signed by her. Failure to do so was inexcusable negligence. *Ryan* v. *World Life Ins. Co.*, 41 Conn. 168, 172; *Ursini* v. *Goldman*, 118 Conn. 554, 562, 173 Atl. 789. See *Russo* v. *Metropolitan Life Ins. Co.*, 125 Conn. 132, 137, 3 Atl. (2d) 844; *New York Life Ins. Co.* v. *Rigas*, 117 Conn. 437, 442, 168 Atl. 22. "In the case of a nonmedical policy such as this where, in the absence of a medical examination, complete reliance is placed upon the answers of the applicant for information as to his health, such answers are especially material as forming the basis upon which the contract of insurance is entered into." *State Bank & Trust Co.* v. *Connecticut General Life Ins. Co.*, 109 Conn. 67, 71, 145 Atl. 565.

The application now under consideration contained the following provision: "It is understood and agreed: (a) that the statements and answers as recorded above are full, complete and true and are made by me to induce the above named company to enter into a contract of insurance on the basis of their truth. . . ." That the representations were material to the risk as a matter of law cannot be questioned. If false, they prevented a recovery on the policy. *Russo* v. *Metropolitan Life Ins. Co.*, supra, 134.

A further claim is that the defendant is estopped because it issued the policy in suit upon the surrender of a previous policy which had been in force since 1931. It is true that there was a previous policy which was surrendered for cancellation at about the time the policy in suit was issued. There were no allegations in the plaintiff's pleadings of any fraud on the part of the defendant or its agent inducing the cancellation of the

former policy, nor was any evidence of fraud offered during the trial. The plaintiff and the assured received payment in full of the cash surrender value of the former policy. The policy in suit, issued pursuant to the application referred to above and accepted by the assured, constituted the entire contract between the parties. The former policy has no place in this case, and there is no evidence whatever to support a claim of estoppel based upon it. In view of the complete lack of evidence supporting the verdict, it is quite possible that the injection of that policy into the case might account for the result.

There was error in the denial of the motion to set the verdict aside.

The claims of error in the charge require little consideration. The principal one is that the court repeatedly charged that the burden was on the defendant to prove the allegations of its special defenses. We have already pointed out that under the circumstances of the case the burden of proof was on the plaintiff. *Harty* v. *Eagle Indemnity Co.,* supra. As to the other claimed errors in the charge, this opinion and the cases we have cited indicate the course to be followed upon a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.