## AMERICAN MOTORISTS INS. CO.
### *vs.*
## LILLIAN M. WEIR ET AL.

Superior Court        Hartford County        File No. 71301

MEMORANDUM FILED JANUARY 11, 1945.

*Joseph G. Shapiro,* of Bridgeport, for the Plaintiff.

*William F. Mangan,* of New Britain, and *DeLancey S. Pelgrift,* of Hartford, for the Defendants.

O'SULLIVAN, J.   This is an action for a declaratory judgment seeking to have determined various questions concerning a policy of automobile liability insurance issued by the plaintiff.   The facts, which are far more cumbersome to outline than is the applicable law to state, are these:  On June 24, 1940, the plaintiff issued the policy in question to the named defendant, Mrs. Weir, covering a 1935 DeSoto sedan for one year beginning July 21, 1940.   To the policy were attached two endorsements, each based upon an additional premium, the first covering Harold A. Weir, a defendant, while operating any other private passenger automobiles, the second stating that a certificate of financial responsibility had been filed by the insurer on behalf of Harold A. Weir with the State of Connecticut.   Each endorsement, the insurer agreed, was to be considered a part of the policy.

Harold was Mrs. Weir's son.   In the early part of 1939, he had been involved in a fatal accident.   As a result, his operator's license was suspended but later on, during the summer of 1939, he was given a limited license to drive a DeSoto registered in his mother's name.   The DeSoto was not, in fact, owned by her.   It belonged to Harold, he having bought it on May 25, 1939, but it was registered in his mother's name, because he wished to avoid, if possible, an attachment that might follow the institution of an action based on the fatality. He retained the automobile in her name because the limited license which he later received precluded his operating any automobile that he might own.

He had a brother-in-law named Hausman who ran an insurance business and acted as the plaintiff's agent in selling liability insurance.   It was he who issued the policy in question.   Incorporated therein was a declaration that Mrs. Weir was the sole and unqualified owner of the automobile.   This was a false statement and Hausman knew it to be so.   However, he made no effort to conceal it.   On the contrary, he wrote to the home office and explained the reason for the registration of the automobile in Mrs. Weir's name.

On July 25, 1940, the plaintiff filed with the Commissioner of Motor Vehicles a certificate of financial responsibility which

stated that "Harold A. Weir has been issued a policy of insurance in The American Motorists Insurance Company, covering his liability as operator of the DeSoto, owned and registered by Mrs. Weir", and further stating that it was effective from July 21, 1940 until July 21, 1941. On February 5, 1941, Harold bought a Chrysler and turned in his DeSoto as partial payment on the purchase price. Once again, he registered the automobile in his mothers name although he was its actual owner. It is not clear why he allowed several months to pass before correcting the certificate of financial responsibility filed with the Commissioner of Motor Vehicles purporting to show coverage on the DeSoto. At any rate, it was not until June 10, 1941, that the original certificate was cancelled and a new one was prepared and filed by the plaintiff to show coverage of Harold while operating the Chrysler.

Harold made use of both the DeSoto and the Chrysler in his work as an employee of the Diamond Gingerale Company, another defendant. While so engaged on July 16, 1941, he was involved in an accident which occasioned injuries to one Griswold, the final defendant.

Up to this time, no certificate of transfer had been issued by the plaintiff for attachment to the policy, to replace the coverage from the DeSoto to the Chrysler. It was not until September 18, 1941, that such a certificate was made out. On that date, Hausman drew one up and made it retroactively effective as of July 15, 1941, the day before Griswold was injured.

On February 7, 1942, Griswold instituted an action against Mrs. Weir, Harold, and the Diamond Gingerale Company, Inc. The latter had been issued a policy of liability insurance by the Maryland Casualty Company, the policy providing coverage for non-owned vehicles for excess insurance only where other valid and collectible insurance was in force. The plaintiff entered its appearance in the Griswold action for Mrs. Weir and Harold under a full reservation of rights, while the gingerale company was represented by the Maryland Casualty Company's attorneys. During the course of the trial Mrs. Weir was dropped as a defendant, the jury rendering a verdict against Harold and the gingerale company, and no error was found on appeal. *Griswold vs. Connecticut Co.*, 131 Conn. 248. Thereupon, the Diamond Gingerale Company, Inc., paid Griswold the full amount of his judgment and costs and,

during the pendency of the instant action, that company has been fully reimbursed by the Maryland Casualty Company.

The plaintiff, by this present action, seeks a judicial declaration to a problem stated in a variety of ways but which can be compressed into one query: Is the policy issued to Mrs. Weir a valid obligation?

Mrs. Weir, Harold and Griswold filed answers admitting or denying the allegations of the complaint. The gingerale company filed a similar answer but added thereto an affirmative defense, ending with two claims for relief, one seeking a declaratory judgment that the plaintiff is liable under its policy to the Diamond Gingerale Company, Inc., and the other asking for a money judgment against the plaintiff for the amount it paid to Griswold. Affirmative relief cannot be sought, as this defendant has attempted to do, by answer. The proper method is by cross complaint. *Practice Act* [1934] §251(e); *Union School District vs. Bishop,* 76 Conn. 695, 699. Because of the impossibility of extending relief to the defendant, if any is in law due it, I make no further comment on the matter.

The basic claim of the plaintiff is that the policy is void because of the false declaration as to the ownership of the automobile. Whether such a declaration, upon which a liability policy is based, would void it need not be examined because the plaintiff is estopped to make the assertion. The company had actual knowledge as to the true owner. Referring to the matter in his letter to the home office just before the policy was issued, Hausman advised the company: "As for the registering of the car, it would have been very foolish indeed for him [Harold] to register it in his own name with the possibility of a suit from the [fatal] accident." As the plaintiff, knowing that the statement as to ownership was false, chose to accept the premium, it waived the cause of avoidance, if any, based on the misstatement or it is now estopped from insisting upon or taking advantage of it. *Rippel vs. Metropolitan Life Ins. Co.,* 128 Conn. 591, 594. Waiver is not relied on by any defendant, for it must be pleaded. *Goldner vs. Polak,* 108 Conn. 534, 537. Estoppel *in pais,* however, need not be alleged. *Cupo vs. Royal Insurance Co.,* 101 Conn. 586, 593. The plaintiff is estopped to base any claim for voiding the policy on the ground of the false declaration.

The same/general principle is also applicable to the question arising from the belated endorsement substituting coverage for

the Chrysler in lieu of the DeSoto. The substitution occurred after Griswold was injured and the endorsement was made retroactive, it will be recalled, to the day just preceding the accident. This is not an instance where the insurer was unaware of the purchase of a new automobile. On June 10, 1941, the plaintiff had filed with the Commissioner of Motor Vehicles a certificate of financial responsibility to cover Harold's operation of the Chrysler. Apparently through an oversight, a certificate of transfer from the DeSoto to the Chrysler was not issued at the time. The belated certificate was merely the result of an effort on the plaintiff's part to remedy its own oversight. Having advised the Commissioner before the accident occurred to Griswold that it had issued a policy to cover Harold's operation of the Chrysler, it may not assert that the certificate of the transfer, though issued subsequent to the accident but, I might add, with knowledge of the accident, immunize it from liability. Estoppel still works against it. *Royal Indemnity Co. vs. Perry*, 296 Mass. 149, 152, 4 N.E. (2d) 809 [reported as *Royal Indemnity Co. vs. Granite Trucking Co.*].

Without determining seriatim the matters stated in the prayer for relief, it will be ample to adjudge that the policy issued by the plaintiff is a valid and legally binding obligation of the plaintiff, in spite of the false declaration as to the ownership of the automobiles and in spite of the belatedly issued certificate of transfer; that the plaintiff may not cancel or declare void the policy because of such declaration or belated issuance of such certificate; and further, that it protects the insured, Mrs. Weir and Harold, from liability imposed by law on either because of bodily injuries sustained by Griswold as the result of Harold's operation of the Chrysler.

I cannot close without expressing admiration for the magnificent briefs submitted by counsel. They deserve the highest commendation.