### Maynard R. Knox *v.* Metropolitan Life Insurance Company

Court of Common Pleas     Litchfield County     File No. 9694

Memorandum filed December 30, 1954.

*Emil A. Petke,* of Terryville, for the plaintiff.

*Larkin & Pickett,* of Waterbury, for the defendant.

MEYERS, J. The plaintiff requests the court to set aside the verdict in this cause rendered by a jury of six on Wednesday, December 15, 1954, and thereupon accepted and ordered recorded by the court.

The plaintiff in his written motion to set aside the verdict requests this "because the same is against the evidence and law." In oral argument the plaintiff predicated his request principally upon what he assigns as error, as follows: (1) The court should have charged on the burden of proof with regard to the special defense of suicide as it was suggested by the defendant in its request to charge, which, inter alia, contained the following: "In this case the issue is whether or not Sarah Dean committed suicide. On that question I charge you that the burden of proof on that issue is upon the defendant insurance company. . . . The burden which rests

upon the defendant in this case is to prove by a fair preponderance of the evidence that Sarah Dean died as a result of suicide." (2) The court should not have permitted the memorandum and record of the examination and treatment of the deceased by Dr. Arthur H. Jackson to be marked for identification. (3) The court should not have admitted into evidence, over the objections of the plaintiff, the defendant's exhibit 2 and exhibit 3. The defendant's exhibit 2 was the autopsy report as prepared by Dr. Hildegarde Arnold, and the defendant's exhibit 3 was the toxicological report and record of the chief toxicologist of Connecticut, Dr. Abraham Stolman.

It seems necessary to dwell for a moment upon the nature of the reasoning by which the plaintiff claims that he may avail himself of a written request to charge as filed by the defendant and where, as here, neither was such a request to charge made by the plaintiff himself nor was any exception to the charge taken. The court did not charge as the defendant requested in this regard because in the opinion of the court our law is otherwise. As a matter of fact, the plaintiff's request to charge was other than the defendant's thinking with regard to the burden of proof as set out in the defendant's request to charge. As opposed to the request quoted in (1), supra, the law in Connecticut in an action to recover on an insurance policy, wherein, and as is required, the plaintiff pleads full compliance with conditions and that the death did not occur by or within the exception in the insurance contract, and the defendant sets up a special defense of suicide, is that the burden of proof rests and remains on the plaintiff.

As a practical proposition, the burden of proof is upon the plaintiff with respect to establishing that which he has alleged. Particular reference is here made to the fact that plaintiff must establish the

conformity with conditions of the policy and that the cause of death of Sarah Dean was outside of the exceptions as enumerated in the policy. *Sortito* v. *Prudential Ins. Co.,* 108 Conn. 163. Much has been said concerning the presumption against suicide. The presumption against suicide, if in fact there is such a presumption, is "within the category of things which under our law exhaust themselves as presumptions when substantial countervailing evidence is produced upon the trial, leaving merely the circumstances which gave rise to the presumption to be considered with the other evidence in the case as a basis for any proper inferences." *Wojcik* v. *Metropolitan Life Ins. Co.,* 124 Conn. 532, 533, 537. All of this the jury had before it. Our Supreme Court has again said in *Kelly* v. *John Hancock Mutual Life Ins. Co.,* 131 Conn. 106, 111, and citing *Harty* v. *Eagle Indemnity Co.,* 108 Conn. 563, 565, that the burden of proof is on the plaintiff as above set out.

Further, and even if the plaintiff had actually requested a charge beyond what he did request of the court as to the burden of proof in connection with suicide, and had such additional request been the same as the defendant's request to charge theron, which the plaintiff, now, in oral argument on this motion seeks to avail himself of and adopt, then the plaintiff would have been in the untenable position of asking the court to give both of two inconsistent charges on a single principle of law. The plaintiff's oral claim of error predicated on the failure of the court to charge as requested by the defendant on the question of suicide in the instant case is therefore without merit. *Chapin* v. *Popilowski,* 139 Conn. 84, 87.

The record will disclose that the plaintiff objected to the defendant's offer to make an exhibit of the report of Dr. Arthur H. Jackson. The plaintiff then

indicated, however, that he might himself want this report later in the trial and it was known that Dr. Jackson was leaving the courthouse. Thereupon, the court sustained the objection by the plaintiff and the report was simply marked for identification. Subsequently, and just prior to the close of the trial, when it became apparent that the plaintiff would not request the introduction of the report referred to as an exhibit, the defendant again offered it, the plaintiff objected, the court sustained the objection and without objection by the plaintiff the defendant withdrew the report and the jury neither held it nor had it to read.

Finally, as to the defendant's exhibit 2 and defendant's exhibit 3, which the plaintiff claimed, in argument on this motion, should not have been admitted, it would seem that such a position is unfounded in law. General Statutes § 7903. This court found that these reports were made in the "regular course of business" or, as here, in the regular course of practice of the pathologist, Dr. Hildegarde Arnold, and in the regular course of duty and practice of the chief toxicologist of Connecticut, Dr. Abraham Stolman. It was also found by the court that it was the regular procedure for such memoranda, certificates and reports to be made at the time of an official autopsy, or upon official laboratory examination by a toxicologist of parts of the human body. These were official writings, records, and reports of matters received personally by investigating officials. The pathologist and toxicologist are bound, by law, to make these reports, which become public records. General Statutes §§ 472, 480; Cum. Sup. 1953, § 153c. The individual who performed the autopsy on Mrs. Sarah Dean and the scientist responsible for the laboratory scrutinization of certain parts of her body were witnesses in this cause and, therefore, were subject to examination and cross-examination

relative to their professional services and their reports thereon.

It should be added that the aforesaid records or reports of official acts fall well within the expression of our Supreme Court in the following: "We agree with Professor Wigmore's conclusion (3 Evidence, 2d Ed. § 1646, p. 441): 'It is sensible to admit all such entries for what they may be worth; in . . . controverted cases, other evidence is usually available'; but we add that in cases such as this the jury ought to be cautioned as to the weight it is to attribute to them and warned that it must be vigilant not to permit the conclusion of the person making the certificate to take the place of its own." *Branford Trust Co.* v. *Prudential Ins. Co.*, 102 Conn. 481, 488. In the instant case, the charge to the jury contained the required warning.

As to the claim contained in the written motion that the verdict was against the evidence, this court believes that there was ample and substantial countervailing evidence which could have exhausted the presumption against suicide and left merely the circumstances which gave rise to the presumption to be considered with the other evidence in the case as a basis for any proper influence. Further, such an inference found as a fact might well have been that prior to being discovered by her husband on September 9, 1953, in her garage and seated behind the steering wheel, Sarah Dean had taken her own life.

The motion to set aside is denied.