[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, the Massachusetts Mutual Life Insurance Company (the "Company"), issued a disability income policy (No. 9-338-917) to defendant on or about September 14, 1988. Plaintiff now seeks a declaratory judgment declaring that said policy is null and void and that upon return by plaintiff to defendant of the premium paid for said policy, plaintiff will have no debt or obligation to defendant under said policy.
As grounds for the relief sought the Company alleges that CT Page 1451 defendant in applying for said policy made material misrepresentations on his application, concealing certain facts which if timely revealed would have led plaintiff to have declined to issue said policy. Specifically, plaintiff alleges that defendant falsely answered "no" to questions 4D, 7B and 7D on Part 2 of defendant's Application for Disability Insurance. Defendant filed his Answer denying the allegations of misrepresentation. A hearing on plaintiff's Complaint for Declaratory Judgment was held on May 18, 1990.
 II.
There is no dispute as to the following facts: The defendant filled out an application for disability insurance with the plaintiff. The application was in two parts. Part 1 was signed and dated by the defendant on August 8, 1988. Part 2 was signed and dated by defendant on July 27, 1988. In connection with said application the defendant also completed a "conditional receipt" signed by defendant on August 5, 1988. The conditional receipt contained a provision that plaintiff would determine the insurability of the proposed insured as of the latest of the dates of all required parts of the said application. The latest date of the required parts of defendant's application is August 8, 1988, the date on Part 1.
 III.
Under Connecticut law a misrepresentation material to the risk that is knowingly made by a proposed insured will defeat recovery under a life insurance policy. Bristol v. Commercial Union Life Ins. Co. of America, 211 Conn. 622, 628; State Bank and Trust Co. v. Connecticut General Life Insurance Co., 109 Conn. 67,70-72; see Lazar v. Metropolitan Life Ins. Co., 290 F. Sup. 179,180 (D.Conn. 1968) (family medical insurance policy). This principle applies to the disability income policy at issue here.
 IV.
Questions 7B and 7D read as follows:
 "7. Other than above, within the last five years have you:
 . . .B. Had a checkup, consultation, illness, surgery?
 . . .D. Had electrocardiogram, x-ray, other diagnostic tests?"
Plaintiff argues that defendant's "no" answers to questions CT Page 1452 7B and 7D were false in that defendant had undergone a treadmill exercise test on July 27, 1988, a second treadmill exercise test on August 3, 1988, and a stress thalium test, also on August 3, 1988 he had also had an electrocardiogram and a chest x-ray in connection with his February 26, 1987 examination.
As to the tests of July 27 and August 3, 1988, defendant refers to his answer "yes" to Question 3B of Part 2 of his application.
Question 3B reads as follows:
 "B. Have you been examined for insurance purposes in the past year or are you applying for insurance to any other company at this time?"
Defendant read the opening phrase of Question 7; "Other than above. . ." as excusing any mention of the tests of July 27 and August 3 which were initiated in conjunction with an examination acknowledged in the answer to Question 3B. The court finds defendant's interpretation of the scope of Question 7 reasonable and concludes that plaintiff has failed to establish by a fair preponderance of the evidence that said answer constituted misrepresentation. As to defendant's failure to acknowledge the EKG and x-ray administered on February 26, 1987, the court finds that any misrepresentation was not material as said examination led to a diagnosis of no disorder of the heart or blood vessels. Knowledge of such examination and its results would not reasonably have led plaintiff to refuse to issue the policy at issue.
 V.
Question 4D reads as follows:
 "4. Have you ever been advised of, treated for, or had any known indication of:
 . . .D. Chest pain, palpitation, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels?"
Plaintiff alleges that defendant's answer, "no", was false in that defendant had experienced chest pain and been examined with regard to said chest pain in February, 1987. CT Page 1453
Defendant testified that this pain was diagnosed following the February examination as muscular skeletal chest wall pain, not resulting from a disorder of the heart or blood vessels. "The language of a question in an application for insurance is to be read in its plain, ordinary and natural signification and if there is any ambiguity, such ambiguity is to be resolved against the insurer, who framed the question." 7 Couch 2d, Cycl. of Ins. Laws 35-145. The court finds that defendant's interpretation of plaintiff's Question 4D as limiting chest pain to that connected to "disorder of the heart and blood vessels" was reasonable and plaintiff has failed to prove defendant misrepresented by failing to list particulars of this pain and examination on his application.
Plaintiff also claims that defendant's "no" answer to Questions 4D, 7B and 7D constituted material misrepresentation in that defendant failed to inform plaintiff that he had undergone a treadmill exercise test on July 27, 1988; a second treadmill exercise test and a thalium stress test on August 3, 1988, the results of these tests leading to an angiogram (catheterization) performed on defendant on August 11, 1988. Plaintiff alleges that defendant failed to disclose that the treadmill exercise and stress thalium tests revealed irregularities that were diagnostic of coronary problems.
There is no doubt that "material representations such as these, relied on by the company which were untrue and known by the assured to be untrue when made" would "invalidate the policy without further proof of actual conscious design to defraud." State Bank and Trust Co. v. Connecticut General Life Ins. Co.,109 Conn. 67, 72.
But plaintiff has failed to prove by a fair preponderance of the evidence that defendant's representations were "untrue" or "known by the assured to be untrue."
The results of the tests of July 27 and August 3, 1988, as recorded in the reports of those administering the tests, gave strong indications of "disorder of the heart or blood vessels," but defendant testified that he was not advised of the results of the tests. After the July 27th test he was merely told that "they" wanted to do more tests; at some time between August 3 and August 11, 1988 the defendant was told by Dr. Grauer of the possibility of an abnormality in the cardiovascular system and that an angiogram was or would be scheduled. Plaintiff was unable to establish that Dr. Grauer told this to defendant on or before August 8, 1988.
While there is no doubt defendant suffered from coronary heart disease prior to August 8, 1988, plaintiff has failed to CT Page 1454 establish by a fair preponderance of the evidence that defendant had been "advised of", "treated for" or "had any known indication of" coronary heart disease or other disorder of the heart or blood vessels prior to August 11, 1988.
Plaintiff also cites two references in doctors' reports suggesting chest problems or pain prior to August 8, 1988.
First, in Dr. Shaw's letter dated August 11, 1988 accompanying his catheterization report, Dr. Shaw states defendant "presents with a two month history of exertional sub-sternal burning and chest discomfort."
Second, Dr. Seltzer in his letter dated August 17, 1988, states: "On detailed questioning the patient does notice a `sensation' in the chest under stress or with mild exertion."
Defendant denied making any statements to either Doctor Shaw or Doctor Seltzer that would provide a basis for such statements. Drs. Grauer and Swirsky, more familiar with the defendant, did not note such a history. The court finds these statements inconclusive and insufficient, together with other evidence to enable plaintiff to meet its burden of proof.
 VI.
Plaintiff cites, inter alia, Rippel v. Metropolitan Life Ins. Co., 128 Conn. 591, as authority for the proposition that actual knowledge of the assured [of an illness or disorder] is immaterial so far as a misrepresentation by such assured is concerned. As defendant points out, the instant case is distinguishable from Rippel in that here plaintiff's questions are predicated on an applicant's personal knowledge. The applicant's knowledge is what the questions at issue seek to determine, unlike the Rippel question, "Are you in sound health?"
 VII.
Plaintiff has failed to establish by a fair preponderance of the evidence that defendant made material misrepresentations on Part 2 of defendant's application.
Plaintiff's request for declaratory judgment is denied.
Judgment may enter for the defendant.
JOHN T. DOWNEY, JUDGE