[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 2, 1993, the plaintiff, Giuseppe Federico, filed a one count complaint against the defendant, Allstate Insurance Company alleging a claim for payment under a homeowner's policy. The plaintiff alleges that his home was burglarized on January 1, 1992, while his homeowner's policy issued by the defendant on December 27, 1991, was in effect. The plaintiff attaches a copy of portions of the policy, including a schedule of personal property covered by the policy.
According to the sheriff's return, service was made on the defendant on January 22, 1993.
On October 7, 1993, the defendant filed an answer and three special defenses. In its first special defense, the defendant alleges that the plaintiff's claim falls under a renter's policy of insurance as issued by the defendant on December 27, 1991. CT Page 7374 In its second special defense, the defendant alleges that the plaintiff did not file this action within twelve months of the date of the loss, as required by the policy. In its third special defense, the defendant alleges that the plaintiff did not file a proof of loss within sixty days of the loss, as required by the policy. On October 12, 1993, the plaintiff filed a reply to the special defenses.
On April 14, 1994, the defendant filed a motion for summary judgment on the ground that there are no genuine issues of material fact and 1) that the plaintiff did not file suit within one year of the loss as required by the policy and General Statutes §§ 38a-307 and 38a-308; 2) that the plaintiff did not submit a signed, sworn proof of loss within sixty days of the loss as required by the policy and General Statutes § 38a-307; and 3) that the plaintiff did not comply with the terms of the policy before bringing suit. In support of its motion, the plaintiff filed the following: 1) a copy of the return of service of Deputy Sheriff David F. Hubbs dated January 22, 1993; 2) certification of service of process on Insurance Commissioner Robert R. Googins on January 22, 1993; 3) certified copy of the Waterbury police incident report dated January 1, 1992; 4) the affidavit of Myron Gapski, Unit Claim Manager of Allstate Insurance Company; 5) the affidavit of Alan M. Hampton, Senior Account Agent of Allstate Insurance Company; 6) deposition testimony of the plaintiff and Vallerio Federico; and 7) a memorandum of law. Gapski states that on December 27, 1991, Allstate Renters Policy No. 0-84-661281 was issued to the plaintiff. A copy of the policy is attached to Gapski's affidavit. Gapski also states that on January 16, 1992, the parties executed a non-waiver agreement, a copy of which is attached to the affidavit, and that the plaintiff has never submitted a sworn proof of loss, as required by Section I of the policy. Gapski further states that the amount and items reported stolen to the Waterbury Police Department are not the same as those reported to the defendant. Hampton states that on December 27, 1991, Vallerio Federico signed an application for personal property insurance coverage or renters insurance on behalf of and as agent for his father, the plaintiff. Hampton further states that he gave a copy of the policy to Vallerio Federico on December 27, 1991.
On May 4, 1994, the plaintiff filed an objection to the defendant's motion for summary judgment. The plaintiff also submits a memorandum of law; a copy of the non-waiver agreement CT Page 7375 dated January 16, 1992, signed by Giacomo Federico and Rocco Bazzano; a copy of the insurance policy application dated December 27, 1991, signed by Vallerio Federico and Alan Hampton; the affidavit of the plaintiff; the affidavit of Vallerio Federico; a copy of a schedule of personal property dated December 27, 1991 that is covered by the policy; and excerpts from the policy as to how the defendant settles a loss.
In his affidavit, the plaintiff states that he asked his sons Vallerio and Giacomo to obtain renter's insurance for the personal property in the plaintiff's apartment because he could not speak English. The plaintiff also states that he received a portion of a policy in the mail some time after his sons applied for insurance with Hampton. The plaintiff further states that no one from Allstate ever orally informed him of the requirement that he file a proof of loss within sixty days of the theft or of the requirement that a suit be filed within one year of the loss. In his affidavit, Vallerio Federico states that, after he obtained renter's insurance for the plaintiff, Allstate sent a document and a letter describing the policy in the mail. Vallerio claims that they never received a complete policy or were told about the provisions at issue in this matter. Both affidavits refer to an Exhibit A that is described as the portion of the policy received by the plaintiff in the mail from Allstate; however, there is no attached exhibit.
On May 16, 1994, the defendant filed a reply brief.
A motion for summary judgment should be granted if the movant shows that there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Scrapchansky v. Plainfield, 226 Conn. 446, 450,627 A.2d 1329 (1993). The affidavits and other documentary evidence submitted must be construed in the light most favorable to the nonmovant. Id.
The defendant argues that this action was brought beyond the one year time limitation set forth in the policy and authorized by General Statutes § 38a-290. The defendant also claims that the plaintiff did not comply with the policy by submitting a proof of loss within sixty days.
The plaintiff relies on Monteiro v. American Home AssuranceCo., 177 Conn. 281, 416 A.2d 1189 (1979), for his argument that because he did not understand the English language well enough CT Page 7376 to understand the policy provisions, there is a question of fact as to whether the plaintiff has a valid excuse for nonperformance. The plaintiff also argues that the non-waiver agreement was signed by his son Giacomo, without the knowledge of the plaintiff, and therefore, there is a question of fact as to whether the defendant waived compliance with the policy provisions. The plaintiff claims that he received a copy of the policy much later and that the copy sent to him did not contain the policy provisions at issue.
General Statutes § 38a-290 (e) prohibits an insurance company issuing a renter's policy from limiting the time for filing suit to a period of less than one year from the time of loss. Section I, p. 17, para. 12 of Allstates's renter's insurance policy, a copy of which is attached to Gapski's affidavit, provides that "[n]o suit or action may be brought against us
unless there has been full compliance with all the policy terms. Any suit or action must be brought within one year after the date of loss." In addition, Section I, p. 14, para. 3 of the policy states in relevant part "[i]n the event of a loss to any property that may be covered by this policy, you must: g) Within 60 days after the loss, give us a signed, sworn proof of the loss."
An insurance company can waive a condition of the insurance policy either by an express agreement or by conduct from which waiver is implied. Denitto v. Transamerica Insurance, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 266438 (December 2, 1992, Lewis, J.), citing Andover v. HartfordAccident Indemnity Co., 153 Conn. 439, 445, 217 A.2d 60 (1960). "Waiver is the intentional relinquishment of a known right."Andover v. Hartford Accident Indemnity Co., supra. The nonwaiver agreement, whether or not authorized by the plaintiff, shows that the defendant expressly did not intend to waive its right to deny coverage. The plaintiff has not raised any additional facts that would indicate conduct by the defendant constituting a waiver. See Novella v. Hartford Accident Indemnity Company, 163 Conn. 552, 561-65, 316 A.2d 394 (1972).
The court may enter summary judgment based on the insured's failure to bring suit within a one year time limitation mandated in the policy. See Monteiro v. American Home Assurance Co., supra, 177 Conn. 286-87. Where the parties' written agreement refers to another instrument the terms of that instrument are part of the parties' agreement. Batter Building Materials Co.CT Page 7377v. Kirschner, 142 Conn. 1, 7, 110 A.2d 464 (1954). The plaintiff's application for renter's insurance, signed on behalf of the plaintiff by Vallerio Federico, states "[a]ny insurance bound hereunder shall otherwise be subject in all respects to the terms and conditions of the regular policy forms of the Company at present in use. . . ."
In the absence of fraud, the plaintiff may not claim "that he did not read what was expressly incorporated as specific provisions of the contract into which he entered." Id; see alsoFirst Charter National Bank v. Ross, 29 Conn. App. 667, 671,617 A.2d 909, appeal dismissed, 228 Conn. 203, 635 A.2d 796 (1992). Where the insurance agent has not engaged in fraud or misrepresentation, "the assured was under a duty to know the contents of the application signed by [him]. Failure to do so was inexcusable negligence." Kelly v. John Hancock Mutual LifeIns. Co., 131 Conn. 106, 110, 38 A.2d 176 (1944).
The plaintiff does not claim that because of his inability to understand English that he did not understand the nature of the transaction of procuring renter's insurance. See e.g.,Fritz v. Mazurek, 156 Conn. 555, 558, 244 A.2d 368 (1968) (grantor did not comprehend that she conveying land). Where there is no dispute "that the insured accepted the policy, expressly based on the application which [he] subscribed, the evidence of [his] inability to read or write English renders the statements in the application no less binding upon [him]. Having accepted and retained the policy [he] was bound by its provisions." Russo v. Metropolitan Life Ins. Co., 125 Conn. 132,137, 3 A.2d 844 (1939).
It is not disputed that this action was commenced later than one year after the loss. Accordingly, the defendant's motion for summary judgment is granted.
SYLVESTER, J.