[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT, ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT DATED NOVEMBER 20, 1998 (126)
The plaintiff, Alonzo Brinkley, Jr. ("Brinkley"), filed suit against the defendant, Allstate Insurance Company ("Allstate"), on October 9, 1996 alleging breach of contract in that Allstate failed, neglected, or ignored to pay Brinkley an amount due under an insurance agreement issued by Allstate. Allstate moves for summary judgment arguing that Brinkley made misrepresentations in CT Page 5292 his application, and that the misrepresentations were material, rendering the claimed insurance agreement voidable. In particular, Allstate claims that, after the automobile accident in question occurred, Brinkley, along with Vincent D. DiMasi, backdated the insurance policy to a date prior to the accident. Allstate seeks rescission as a matter of law based on Brinkleys alleged material misrepresentations. For the following reasons, the motion for summary judgment is granted.
Practice Book § 17-44 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Connecticut law states that an insurance policy may be voided if the applicant made material representations, which were relied on by the insurance company, and were untrue and known by the applicant to be untrue when made. State Bank Trust Co. v.Connecticut General life Ins. Co., 109 Conn. 67, 72 (1929). For a material misrepresentation to render a contract voidable, the misrepresenting party must know he/she is making a false statement. Middlesex Mutual Assurance Co., v. Walsh,218 Conn. 681, 691-92 (1992). Misrepresentations made because of ignorance, mistake, or negligence are not sufficient grounds for rescission. Id. However, the party seeking rescission need not show that the other party's misrepresentations were made intentionally, provided they are material to the contract. Munroe v. Great American Ins. Co., 234 Conn. 182, 188 n. 4 (1995).
Allstate seeks rescission of Brinkley's automobile policy on the ground that Brinkley backdated the insurance policy application.[1] In support of this claim, Allstate relies on Brinkley's deposition wherein he admits backdating the insurance policy. Brinkley has not filed any affidavit opposing the motion for summary judgment.
When completing an insurance application, Connecticut law states that a misrepresentation is material when a reasonably careful and intelligent person would find that it increases the degree or character of the risk so as to substantially influence its issuance or rate of premium. Davis-Scoefield Co. v.Agricultural Ins. Co., 109 Conn. 673, 678 (1929). When the information provided by the applicant forms the basis of the contract and defines the risk assumed, the representation is CT Page 5293 material. State Bank Trust Co. v. Connecticut General Life Ins.Co., 109 Conn. 67, 70 (1929). In this case, by backdating the policy after the accident occurred, Brinkley clearly increased the policy's risk. As such, it constituted a material misrepresentation. On the present record, there is no genuine issue of material fact regarding this material misrepresentation and therefore, Allstate is entitled to judgment as a matter of law.
Accordingly, Allstate's motion for summary judgment is granted.
So ordered, at New Haven Connecticut this 21st day of April, 1999.
Robert J. Devlin, Jr. Judge of the Superior Court