[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a declaratory judgment action brought by Infinity Insurance Company against the defendants Antoni Zbikowski (Antoni) and his son Krystian Zbikowski (Krystian) seeking to have an insurance policy issued to Antoni declared void as to all claims arising out of an accident which occurred on January 20, 2001.
It is not disputed that effective January 30, 2000, the plaintiff issued an automobile liability insurance policy with uninsured motorists coverage to Antoni. By its terms this policy would expire on January 30, 2001. On January 20, 2001 the defendant Krystian was operating a 2000 Honda Civic automobile owned by Antoni, and covered by the insurance policy, when he was involved in an accident with another vehicle which fled the scene. Krystian was nineteen years of age at the time of the accident and living at home. Krystian has filed a personal injury claim and Antoni has filed a property damage claim under the uninsured motorists coverage of the insurance policy. The plaintiff claims that there is no coverage for the personal injury and property damage claims arising out of the January 20, 2001 accident because of material misrepresentations on the application that Antoni submitted in connection with obtaining the insurance policy in question. Therefore, the central factual issue in this case is a determination as to what took place on January 20, 2001 at the time the application for insurance papers were filled out.
Before attempting to make the necessary factual decisions, the court is constrained to point out to both counsel an obvious misunderstanding as to what papers make up the "application," which was offered as Exhibit No. 2. The application is included within Exhibit No. 2 and is made up of pages one, two, four, five and seven. Pages three and six are copies of other pages. Page nine is a document generated some months after the application was filled out and page ten is a copy thereof Page eight, which both counsel and the defendant Antoni have treated as though it was part of the application, is obviously not. It is a request by the CT Page 13545 plaintiff directed to its insured, Antoni Zbikowski, asking him to update the information previously furnished on the application. It is entitled "Infinity Insurance Co. Automobile Update Questionnaire" and is not part of the application.
The alleged misrepresentation is a failure to disclose that Antoni's son Krystian, then aged nineteen, was a driver and a resident of the household on January 30, 2000. Had that information been supplied to the plaintiff, the premium charge for the one year policy would have been $7745.00 rather than $1776.00. The application on page one required the disclosure of all drivers and/or residents of the household aged fourteen or older, whether they were licensed drivers or not. The only names listed are Antoni Zbikowski and Barbara Zbikowski who is Antoni's wife. Page four included a questionnaire which asked several questions, one of which was whether all residents of the household had been disclosed on the application. The question was checked "yes" and had Antoni's initials next to it.
The parties are in dispute with respect to what took place at the insurance agent's office on January 30, 2000, when the application for insurance was filled out. In this regard the plaintiff offered the testimony of Audrzej Miedzinski, the insurance agent, who testified that he asked Antoni about any other residents of the household and that Antoni said he had two sons, one in the military, and one in Poland. He testified that he asked Antoni all the questions and Antoni signed the application and initialed it. Antoni admitted signing page eight of Exhibit No. 2, but claimed that neither the signatures or initials on the application were his. He also said that Mr. Miedzinski asked him no questions. Antoni spoke only Polish and Mr. Miedzinski conversed with him in Polish. The defendants offered a copy of a letter written to the motor vehicle department by Antoni and a copy of his driver's license as evidence of his signature, claiming that these admitted signatures, as well as the signature on page eight, were obviously different than the signatures on the application. It is the defendants' claim that someone other than Antoni signed his name and initialed the application.
The insurance policy issued by the plaintiff provides in pertinent part:
PART V — FRAUD OR MISREPRESENTATION
This policy was issued and rated in reliance upon the information provided on your insurance application. We may void coverage under this policy if you or an insured person have knowingly concealed, omitted or misrepresented any material fact or CT Page 13546 circumstance, or engaged in fraudulent conduct, at the time application was made or at any time during the policy period.
In addition to the specific language of the policy, the application also provided that the policy shall be null and void if information provided in the application was false.
"Where there is no ambiguity [in the language of a contract] . . . there is no occasion for construction [to determine intent] and the agreement will be enforced as its terms direct." McHugh v. McHugh, 181 Conn. 482, 491, 436 A.2d 8 (1980). Contract language is unambiguous when it has a definite and precise meaning about which there is no reasonable basis for a difference of opinion. Levine v. Advest, Inc., 244 Conn. 732, 746, 714 A.2d 649 (1998). The statements and answers made by the defendant here are unambiguous, and there is no place for any inquiry as to her intent. "A contract should be construed so as to give full meaning and effect to all of its provisions. . . . ( (Internal quotation marks omitted.) Id., 753. There is no dispute that the statements and answers contained in an insurance application become part of that application and any contract of insurance issued on it, and that these statements and answers are material. State Bank Trust Co. v. Connecticut General Life Ins. Co., 109 Conn. 67, 70, 145 A. 565 (1929). If the material representations are untrue, they "invalidate the policy without further proof of actual conscious design to defraud." Id., 72. An insurer has a right to rescind for a material misrepresentation on an insurance application if it is not an innocent misrepresentation, but one "known by the insured to be false when made." Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 692, 590 A.2d 957
(1991). (Footnotes omitted).
Paul Revere Life Ins. Co. v. Pastena, 52 Conn. App. 318, 322-323 (1999).
As stated in the defendants' memorandum, the ultimate decision on this case involves a determination of the factual issue with respect to whether the court accepts Antoni Zbikowski's or Mr. Miedzinski's testimony as to what took place when the insurance application was completed. The defendants stress what they claim are the obvious CT Page 13547 differences between Antoni's admitted signatures and his purported signatures on the application. The court does not claim to have expertise in handwriting analysis. However, the first letter of the last name in all signatures appears remarkably similar. The same similarity appears in the second letter of the initials on page four of the application. It was Antoni's testimony that the only document that he signed is page eight of Exhibit No. 2. That page was not part of the initial application, but was sent to Antoni long after the policy of insurance was issued. It bears a date of November 27, 2000, refers to Antoni as the insured, and includes the policy number. It is the defendant Antoni's claim that his signatures and initials on the application were forged. However, he testified that he signed "here and there." In addition, his letter to the insurance commissioner, Exhibit B, dated September 24, 2001, stated "I, not understanding English signed the papers as he designated them." Mr. Miedzinski testified that Antoni signed and initialed the application in his presence after he asked him all the questions. The court accepts Mr. Miedzinski's version of what transpired when the application was completed. The court finds that Antoni knowingly misrepresented a material fact at the time the application for insurance was made, in that he failed to disclose that Krystian Zbikowski was a household resident and/or a driver of the insured vehicles, and that he did sign and initial the application.
In this case the plaintiff is seeking a declaratory judgment to the effect that the insurance policy in question is void as to all claims arising out of the automobile accident involving Krystian Zbikowski which occurred on January 20, 2001.
The Connecticut Practice Book provides:
Sec. 17-54. Declaratory Judgment; Scope
 The judicial authority will, in cases not herein excepted, render declaratory judgments as to the existence or nonexistence (1) of any right, power, privilege or immunity; or (2) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future.
(P.B. 1978-1997, Sec. 389.)
Sec. 17-55. — Conditions for Declaratory Judgment
CT Page 13548
 A declaratory judgment action may be maintained if all of the following conditions have been met:
(1) The party seeking the declaratory judgment has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations; and
(2) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties. (P.B. 1978-1997, Sec. 390.) (Amended June 28, 1999, to take effect Jan. 1, 2000.)
The court finds that the plaintiff has proven the existence of both of the conditions required for a declaratory judgment as provided in Practice Book § 17-55. Accordingly, judgment may enter declaring that Infinity Insurance Policy No. 01367890800 is void as to all claims arising out of the accident of January 20, 2001 involving Krystian Zbikowski.
Hadden, Judge Trial Referee CT Page 13549